IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARREYLL T. THOMAS,

                ORDER

        Plaintiff,

                16-cv-496-bbc

  v.

MEREDITH MASHAK, GWEN SCHULTZ
and JAMES GREER,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff and prisoner Darreyll Thomas is proceeding on claims under both the Eighth Amendment and common law negligence regarding an alleged failure by defendants Meredith Mashak, Gwen Schultz and James Greer to provide him needed medication. Now plaintiff has filed a motion for leave to amend his complaint to add more claims and defendants. Dkt. #37. As to new defendants, plaintiff wants to sue six more individuals, including three "John Does," along with the state of Wisconsin and multiple state agencies. As to new claims, plaintiff wants to sue for alleged violations of the Americans with Disabilities Act.

      I am denying plaintiff's motion because it is untimely, would unfairly prejudice defendants and require the court to set a new schedule for the case. Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir. 2008) ("[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure

1

deficiencies, undue prejudice to the defendants, or where the amendment would be futile."). Plaintiff filed this case in July 2016 and discovery has been proceeding since December 2016, when the court issued the preliminary pretrial conference order, setting July 28, 2017, as the deadline for filing a dispositive motion. Dkt. #18. Plaintiff does not explain in his motion why he waited until just before that deadline to expand the scope of his claims. (Although the court did not receive the motion until August 7, 2017, it is dated July 20, 2017, and the envelope it came in is postmarked July 21, 2017, so I will assume that July 20, 2017 is the date plaintiff gave the motion to prison officials to mail. Taylor v. Brown, 787 F.3d 851, 858-59 (7th Cir. 2015) (under "mailbox rule," prisoner submission is deemed filed with court when he gives submission to prison officials for mailing).)

Plaintiff does not allege that defendants or other prison officials prevented him from conducting any discovery or research he needed to bring his new claims sooner. Further, if I were to grant plaintiff's motion, it would require a delay of several months to serve the complaint, identify the unknown defendants, allow the new defendants to answer and allow the parties to conduct discovery related to the new claims. In short, the court would have to strike the entire case schedule, including the trial date. In the absence of a compelling reason for such a delay, which plaintiff has not shown, he is not entitled to amend his complaint at this late date. Johnson v. Cypress Hill, 641 F.3d 867, 873 (7th Cir. 2011) (observing that "[t]here must be a point at which a plaintiff makes a commitment to the theory of [her] case," and that changing one's claims "on the eve of summary judgment is exactly the sort of switcheroo we have counseled against"); Feldman v. American Memorial

Life Insurance Co., 196 F.3d 783, 793 (7th Cir.1999) (affirming denial of leave to amend complaint "on the eve of summary judgment proceedings").

Even if plaintiff had filed his motion for leave to amend sooner, I could not allow him to proceed on many of his new claims. For example, the state of Wisconsin and its agencies cannot be sued for constitutional violations under 42 U.S.C. § 1983. Thomas v. Illinois, 697 F.3d 612, 613-14 (7th Cir. 2012). Such entities *can* be sued under the Americans with Disabilities under some circumstances. United States v. Georgia, 546 U.S. 151 (2006). However, to prevail on a claim under the ADA in the prison context, a plaintiff must show that the defendant "exclud[ed] [plaintiff] from participation in or . . . deni[ed] [plaintiff] the benefits of the services, programs, or activities of a public entity" and that such exclusion or denial was "by reason of" the prisoner's disability, 42 U.S.C. § 12132, which the ADA defines as a "physical or mental impairment that substantially limits one or more of the major life activities." 42 U.S.C. § 12102(2)(A).

In this case, plaintiff includes no allegations in his proposed amended complaint regarding any of the elements of an ADA claim. In an "affidavit" accompanying the proposed amended complaint, plaintiff says that he did not receive any "medical monitoring" after he informed staff of symptoms he was experiencing caused by not receiving needed medication and he identifies medical monitoring as a "program or service." Dkt. #39 at 5, 9. Plaintiff does not explain what "medical monitoring" entails or how he was harmed by not receiving any, but I understand him to be contending that he was entitled to such monitoring under the ADA.

Plaintiff still does not identify a condition that he believes would qualify as a disability under the ADA, but even I assume that he is disabled, plaintiff's allegation does not state a claim upon which relief may be granted. Plaintiff misunderstands the scope of the provision he cites. Section 12132 requires prison officials to provide reasonable accommodations to prisoners when such an accommodation is necessary to allow the prisoner to participate in or receive the benefits of a program, service or activity that is offered to other prisoners. E.g., Norfleet v. Walker, 684 F.3d 688, 690 (7th Cir. 2012) (prisoner stated claim under ADA by alleging that he was denied recreation because of his disability); Jaros v. Illinois Dept. of Corrections, 684 F.3d 667, 672 (7th Cir. 2012) (prisoner stated claim by alleging he was denied meals and showers because of his disability). In this case, plaintiff alleges that he was denied the "benefit" of medical monitoring, but he does not allege that he was treated differently because of his disability. Rather, his claim is the exact opposite, which is that he *should have* been treated differently because of his disability. Because such a claim is not recognized under the ADA, I could not allow him to proceed on such a claim.

ORDER

IT IS ORDERED that plaintiff Darryell Thomas's motion for leave to amend his complaint, dkt.#37, is DENIED.

Entered this 10th day of August, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge